```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION

DAVID GREENE, M.D.,

                    Plaintiff,

vs.                              Case No.  2:11-cv-360-FtM-29DNF

HEALTH MANAGEMENT ASSOCIATES, INC.,
a Florida corporation, COLLIER HMA
PHYSICIAN MANAGEMENT, INC., a
Florida corporation d/b/a MEDICAL
SURGICAL SPECIALISTS, COLLIER HMA
PHYSICIAN MANAGEMENT, LLC, a Florida
limited liability Company, and
NAPLES HMA, LLC, a Florida limited
liability company d/b/a PHYSICIANS
REGIONAL MEDICAL GROUP, COLLIER
REGIONAL MEDICAL CENTER, JAY K.
ROBERTS, M.D., ANGELA GARZA, JESSE
TRUITT, CHRISTIE FILLMORE, and
SUZANNE DAYTON,

                    Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on defendants' Motion to Dismiss Amended Complaint (Doc. #37) filed on September 22, 2011. Plaintiff filed a Response (Doc. #41) on October 20, 2011.

Plaintiff David Greene, M.D. (Dr. Greene or plaintiff) filed a ten-count Amended Complaint (Doc. #35) against defendants Health Management Associates, Inc. (HMA), Collier HMA Physician Management, Inc. d/b/a Medical Surgical Specialists (MSS), Collier HMA Physician Management, LLC (Collier HMA), Naples HMA, LLC (Naples HMA), Physician Regional Medical Group (PRMG), Collier Regional Medical Center (CRMC), Jay K. Roberts, M.D. (Dr. Roberts),

Angela Garza (Garza), Jesse Truitt (Truitt), Christie Fillmore (Fillmore), and Suzanne Dayton (Dayton). The relevant factual allegations, omitting the many titillating but largely immaterial allegations, set forth a once-harmonious medical practice beset by a plethora of non-medical issues which Dr. Greene asserts resulted in the termination of his employment. All defendants seek dismissal of all counts for various reasons.

The Court focuses first on Count III, the only basis for federal jurisdiction. Plaintiff alleges retaliation under Title VII of the Civil Rights Act of 1964 because he: (1) opposed the unlawful harassment of certain female members of staff by Dr. Roberts; (2) opposed the harassment of a nurse who was harassed based on her race and nationality by Dr. Roberts, Garz, Fillmore, and Dayton; and (3) assisted and participated in the investigation of the claims lodged by female and minority members of staff. (Doc. #35, ¶¶ 119-122.) As a result, Dr. Greene states that he suffered adverse employment actions, including interference with his patients, cutting off his e-mail access, cutting off his access to computerized medical records, and moving his patients to other doctors. (Id., ¶ 123.) Dr. Greene failed to file a complaint with the Equal Employment Opportunity Commission (EEOC) prior to filing suit, asserting that it would be futile and pointless (id., ¶125), but did file an EEOC complaint while this suit has been pending (id., ¶126). Dr. Greene did not receive a right to sue letter at

the time he filed the Amended Complaint. The lack of a right to sue letter is the basis for defendants' motion to dismiss.

Before instituting a Title VII action in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his right to sue the respondent named in the charge. Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001); Forehand v. Fla. State Hosp. at Chattahoochee, 89 F.3d 1562, 1567 (11th Cir. 1996). "The purpose of this exhaustion requirement is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004)(internal quotation marks and citations omitted). The right-to-sue letter is not a jurisdictional prerequisite, however, but is a condition precedent to filing suit. Pinkard v. Pullman-Standard, 678 F.2d 1211, 1217 (5th Cir. Unit B 1982). An EEOC charge is not a mere formality, since the scope of a judicial complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. Francois v. Miami Dade County, Port of Miami, 432 F. App'x 819, 821 (11th Cir. 2011); Baker v. Buckeye Cellulose Corp., 856 F.2d 167, 169 (11th Cir. 1988). Additionally, "a plaintiff must generally allege in his complaint that 'all

conditions precedent to the institution of the lawsuit have been fulfilled.'" Jackson v. Seaboard C.L.R. Co., 678 F.2d 992, 1010 (11th Cir. 1982) (quoting Fed. R. Civ. P. 9(c)).

Because it is not disputed that plaintiff failed to file an EEOC charge prior to filing suit, and had not received a right to sue letter prior to filing the Amended Complaint, the Court will dismiss Count III without prejudice and with leave to file a Second Amended Complaint to cure this pleading defect. In the Second Amended Complaint plaintiff may also cure those pleading deficiencies asserted in the motion to dismiss to the extent plaintiff sees fit.

Accordingly, it is now

**ORDERED**:

1. Defendants' Motion to Dismiss Amended Complaint (Doc. #37) is **GRANTED IN PART** to the extent that Count III is dismissed without prejudice. The motion is otherwise denied as moot.

2. Plaintiff may file a Second Amended Complaint within **TWENTY-ONE (21) DAYS** of this Opinion and Order. If a Second Amended Complaint is not filed, pursuant to 28 U.S.C. § 1367(c), the Court will decline to retain jurisdiction over the remaining state law claims in the Amended Complaint.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of February, 2012.

_____
JOHN E. STEELE
United States District Judge